# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KATHRYN CAMACHO

        Plaintiff,

v.                                                                                                                  No. 1:19-cv-00251-RB-JHR

ALCOHOL SUBSTANCE ABUSE PROGRAM, et al.,

        Defendants.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed March 21, 2019. (Doc. 3.)

**Application to Proceed In Forma Pauperis**

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case . . . .

*Menefee v. Werholtz*, 368 F. App'x. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x. 667, 669 (10th Cir. 2008) (citing *Holmes* v. *Hardy*, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant

to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs . . . ." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to proceed *in forma pauperis* because Plaintiff signed an affidavit declaring that she is unable to pay the costs of these proceedings and stated: (i) she is not employed; (ii) she has filed an "SSI claim;" (iii) she owes student loans; and (iv) she needs medical and dental care.

**Dismissal of the Case**

Plaintiff, who is proceeding *pro se*, alleges that she "was wrongfully labeled by [Defendant Alcohol Substance Abuse Program] clinic as having viral hepatitis without tests being ran[1]" and that she has been "extorted and frauded all over Albuquerque with rumors and facts that aren't the communities business." (Doc. 2 (Compl.) at 2–3, Doc. 2.) Plaintiff also alleges: "They caused me job loss, economic stress, community fraud from others, sabbatoge school, career opportunity at the 'Source.'" (*Id.* at 3.) Plaintiff alleges that the wrongful label and disclosure resulted in the following "crimes:"

> Extorshin, emotional distress, false tokens, false pretense, fraudulent concealment, healthcare fraud, forgery, ex post facto, scienter, plans for 1st degree murder, laughing about a serious assault from Michael Camacho, co-conspiratized with Tamera Hudson (physician) collusion and cohesion, illegal arrest and detained at Bernallio jail computer fraud and abuse, slander per se public figure slander, privacy torts, libel, threats about benefits that are government issued, threats about prescription medicines, injunction - Racketeering, financial abuse, dental loss, facial disfigurement, collusion & cohesion.

---

[1] All spelling and grammatical errors are original.

(*Id.* at 3–4.) Plaintiff also filed an Amendment of Complaint and a Supplement seeking to add defendants and provide additional information. (*See* Docs. 4; 5.)

Liberally construing Plaintiff's Complaint, Amendment and Supplement, it appears that Plaintiff's primary complaints are: (i) "healthcare fraud" when she alleges that Defendant Alcohol Substance Abuse Program "wrongfully labeled" Plaintiff as having viral hepatitis; and (ii) a claim under the Health Insurance Portability and Accountability Act ("HIPAA") resulting from the disclosure of the "wrongfully labeled" diagnosis of viral hepatitis. (Doc. 2 at 2–3.)

The Court dismisses the healthcare fraud claim for failure to state a claim. While Plaintiff has alleged that certain Defendants made a misrepresentation of fact when they "wrongfully labelled" Plaintiff as having viral hepatitis, Plaintiff has not alleged that they did so with the intent to deceive and to induce Plaintiff to act upon the misrepresentation, or that Plaintiff actually and detrimentally relied on the misrepresentation. *See State ex rel. Peterson v. Aramark Corr. Servs., LLC*, 321 P.3d 128, 137 (N.M. Ct. App. 2014) (stating that the elements of fraud are "that the other party (1) made a misrepresentation of fact . . . (2) with the intent to deceive and to induce the injured party to act upon it, (3) and upon which the injured party actually and detrimentally relies" (internal quotation marks and citation omitted)). Plaintiff has not alleged that Defendants violated any federal healthcare law relating to fraud.

The Court dismisses the HIPAA claim because there is no private cause of action under HIPAA. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1257 n.4 (10th Cir. 2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information").

The Court also dismisses Plaintiff's claims that Defendants committed crimes, because private citizens cannot compel enforcement of criminal law. *See Diamond v. Charles*, 476 U.S.

54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Plaintiff's Complaint fails to state a claim regarding alleged civil rights violations. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). While Plaintiff asserts "illegal arrest" and detention at Bernalillo County Jail, she does not state with particularity what each defendant did to her, when they did it, and what specific legal right Plaintiff believes the Defendants violated.

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Because Plaintiff failed to state a claim as to alleged violations of any rights secured by the Constitution or federal law, the Court must dismiss those claims.

Having dismissed all claims arising under federal law and noting that there is not complete diversity between Plaintiff and Defendants, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims and dismisses this case without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed March 21, 2019, is **GRANTED.**

(ii) This case is **DISMISSED without prejudice.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE